## CIRCUIT COURT OF THE CITY OF NORFOLK

Barbara A. Petersen

v.

James F. Petersen

### July 20, 1988

### Cases No. (Chancery) C-84-1618 and C-84-1583

By JUDGE JOHN E. CLARKSON

I have now had an opportunity to completely review the entire file, transcript, and depositions and have given the Commissioner's Report great weight in considering all of the evidence and facts.

In deciding the difficult question of custody, the welfare of the child is the primary, paramount, and controlling consideration. All other matters are secondary. As between parents, there is no presumption of law in favor of either.

The child, J. Frederick Petersen, born October 23, 1979, has lived with both parents and at different times with each parent under court order. The child is healthy and normal and an above average student. The deposition of Charlotte Coln, a psychological examiner, indicates the child to be gifted with no emotional problems, mature for his age, and believes that the child should be with his father. The deposition of Janice Hughes Bolling indicates that the defendant was a good father, there was a good father-child relationship, and that he always put his son first. The deposition of J. David Miller, minister from Tennessee, felt that the relationship between father and son was good, and that Mr. Petersen was a fit and proper person to have custody of his son. Amanda Sue

Hosea, a neighbor in Tennessee, felt that Mr. Petersen was a "fantastic parent" and was fit and proper to have custody of his son. All of the witnesses on behalf of the defendant enthusiastically supported him in his request to have full custody of the child. From the evidence, I find that Mr. Petersen from the birth of his child enthusiastically accepted the pleasures and responsibility of fatherhood. I find he is an intelligent, hardworking, and able father, a college graduate who throughout the transcript appears to be stable, mature, and nonviolent. He has had, while the child lived with him and has today, a neat, clean, well-organized, ample home environment. He is and would be a good father, friend, teacher, and disciplinarian. I find from the evidence that he is a fit parent.

Mrs. Petersen is high school educated, now working in a bar-type restaurant as a manager who, while married, but separated, "dated" at least one other man, Shan Leroy Head. There was evidence from two private investigators that a man spent the night in her apartment on the evening of June 12, 1986, until June 13, 1986. I further find that on that evening, the child was left with Ms. Virginia, whose last name was not known by Mrs. Petersen. The evidence from Mr. Petersen was that his wife behaved toward him in a violent manner, at one time threatening to kill him, and at another time threatening to hurt him with a knife in each hand. It is manifest that the child will have numerous advantages living with the father that would not be available if living with the mother. It was even suggested that the mother intends to move to New Jersey and return to school.

The court finds from the evidence that there is no evidence that the father would not be the proper parent to have full care and custody of the child. This finding was because of his ability to enthusiastically be a parent, his intelligence, his maturity, family background, and the obvious enthusiastic support from his witnesses. I have reviewed the Virginia Code Section 20-107.2 and find that the needs of the child would be best met by the father; that the father has played a more important role in the life of the child and I believe will be enlarged in the future. I have taken all facts in evidence into consideration and believe and will order that it would be in the

best interest of the child to be under the full care and custody of his father.

I am unable to find in the record sufficient evidence to support the Commissioner's recommendation awarding custody to the mother, and I am of the opinion that the welfare of the child will best be served by awarding his custody to the defendant father.

Therefore, I will sustain the objections in defendant's objections and exceptions having to do with child custody. I will reserve child support at this time, order that the defendant pay the court costs, with each party paying their own attorney's fees. I will overrule exceptions 14, 15, and 16 of the defendant and 1, 2, and 3 of the plaintiff.

I would ask Mr. Schwan to prepare a sketch of a decree overruling the Commissioner as indicated and providing reasonable visitation with the mother. Unless the parties and/or their counsel can agree differently, the court would rule that the mother should have the child for four weeks in the summer, one week every other Christmas, one week every other Easter or spring vacation, and every other Federal holiday.